UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 23, 2018

LETTER TO COUNSEL

RE: *Terri Lynn Hinkle v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1925

Dear Counsel:

On July 11, 2017, Plaintiff Terri Lynn Hinkle petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Ms. Hinkle's reply. [ECF Nos. 15, 18, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Hinkle protectively filed her instant claim for benefits on March 28, 2013.[2] (Tr. 206-16). Her claim was denied initially and on reconsideration. (Tr. 49-56, 58-72). Ms. Hinkle then waived an oral hearing before an Administrative Law Judge ("ALJ"), and the ALJ issued a decision denying benefits. (Tr. 134-36, 74-91). The Appeals Council ("AC") remanded the ALJ's decision for further consideration. (Tr. 92-95). This time, an ALJ held a hearing on December 19, 2015. (Tr. 8-38). Following the hearing, on February 16, 2016, the ALJ again determined that Ms. Hinkle was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 96-119). This time, the AC denied Ms. Hinkle's request for review, (Tr. 1-7), so the ALJ's 2016 decision constitutes the final, reviewable decision of the SSA.

In 2016, the ALJ found that Ms. Hinkle suffered from the severe impairments of "history of T12 compression fracture and lumbar spine hyperlordosis; carpal tunnel syndrome; depressive disorder NOS; unspecified anxiety state; panic disorder; and obesity." (Tr. 101). Despite these impairments, the ALJ determined that Ms. Hinkle retained the residual functional capacity ("RFC") to:

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] Ms. Hinkle had a prior favorable determination of disability from an ALJ in 2008. (Tr. 39-48). However, she was subsequently disqualified from receiving benefits due to her then-household income. (Tr. 99).

> perform light work as defined in 20 CFR 416.967(a)[3] except: standing and walking up to two hour [sic] per day; occasional stairs and ramps; no ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching and no crawling; occasional reaching overhead. She can perform unskilled work at an SVP 1 or 2 involving simple, routine tasks with no more than simple, work-related decisions and no tasks requiring independent goal setting.

(Tr. 104). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hinkle could perform jobs existing in significant numbers in the national economy. (Tr. 113-14). Therefore, the ALJ concluded that she was not disabled. (Tr. 114).

Ms. Hinkle raises four primary arguments on appeal. First, she argues that the ALJ improperly evaluated Listings 1.04A and 11.14. Pl. Mot. 9-19. Second, she contends that the ALJ erred in applying the Medical-Vocational Guidelines by failing to consider her borderline age category. *Id.* at 19-22. Third, she argues that the ALJ's holding violates *Mascio v. Colvin*, 780 F. 3d 632 (4th Cir. 2015). *Id.* at 22-26. Finally, she contends that the ALJ's adverse credibility determination is unsupported by substantial evidence. *Id.* at 26-27. I concur that further analysis must be provided as to the Listings and as to Ms. Hinkle's moderate limitation in concentration, persistence, or pace. Accordingly, remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Hinkle is not entitled to benefits is correct.

Initially, at step three, the ALJ determined that Ms. Hinkle's impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404A, Subpart P, Appendix 1. (Tr. 102). With respect to Ms. Hinkle's physical impairments, the ALJ simply stated:

> In reaching this conclusion, I have considered the claimant's physical impairments under Section 1.01, et seq. (musculoskeletal), specifically listing 1.04 (disorders of the spine) and Section 11.01, *et seq.* (neurological), specifically listing 11.14 (peripheral neuropathies) of the Listing of Impairments contained in 20 CFR Part 404, Appendix 1 to Subpart P. However, the medical evidence fails to establish an impairment or combination of impairments that is accompanied by the signs reflective of listing level severity.

*Id.*

An ALJ must identify the relevant listings and compare each of the criteria to the evidence of the claimant's symptoms when there is "ample evidence in the record to support a determination" that the claimant's impairments meet or equal a listing. *Cook v. Heckler*, 783

---

[3] 20 C.F.R. § 416.967(a) actually defines sedentary work. Presumably, the ALJ intended to cite 20 C.F.R. § 416.967(b).

F.2d 1168, 1172-73 (4th Cir. 1986). In the instant case, because the ALJ apparently believed that the record contained ample evidence that Listings 1.04A and 11.14 might be met, he expressly identified those listings. (Tr. 102).

The remainder of the ALJ's analysis, however, is patently deficient. The ALJ did not cite any medical evidence to support her step three conclusions, and simply made a conclusory assertion that "the medical evidence fails to establish an impairment or combination of impairments that is accompanied by the signs reflective of listing level severity." (Tr. 102). That assertion does not include any "specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013) (citation omitted). My role is to review the ALJ's analysis, not to conduct the analysis in the first instance. *See Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (emphasizing that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record"). Here, without any analysis from the ALJ to suggest whether or how she evaluated the criteria of Listings 1.04A or 11.14, I am unable to review whether the ALJ's conclusions were supported by substantial evidence.

In addition, Ms. Hinkle contends that the ALJ's holding runs afoul of *Mascio*. I agree. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Ms. Hinkle had "moderate difficulties in concentration and persistence and no significant limitations in pace." (Tr. 103). However, later in the opinion, the ALJ assigned "great weight" to the opinion from the mental assessment on reconsideration, which finds that Ms. Hinkle would have a moderate limitation in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," and further states, "Claimant may need extra time to complete a normal work day/week." (Tr. 69). Despite these findings, the ALJ did not impose any RFC restrictions relating to Ms. Hinkle's persistence. According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Hinkle's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain how Ms. Hinkle's moderate limitation in persistence is accommodated by "unskilled work at an SVP 1 or 2 involving simple, routine tasks with no more than simple, work-related decisions and no tasks requiring independent goal setting." (Tr. 104). Indeed, the ALJ's analysis entirely fails to address Ms. Hinkle's ability to persist in her work over a normal eight-hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Because consideration on remand is likely to alter the ALJ's analysis, it would be unproductive to address Ms. Hinkle's current remaining arguments regarding (1) her borderline age situation at the time of the 2016 ALJ opinion, and (2) the ALJ's evaluation of Ms. Hinkle's subjective assertions of disability.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge